889 F.2d 1099
 14 U.S.P.Q.2d 1077
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John DEKS, Australia Pty, Ltd., Plaintiff-Appellant,
and
Illinois Tool Works, Inc., Plaintiff Cross-Appellee,
v.
ATLAS BOLT AND SCREW COMPANY, Defendants Cross-Appellants.
 Nos. 89-1247, 89-1277.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1989.
 
 Before MARKEY, Chief Judge, Friedman and Nies, Circuit Judges.
 DECISION
 MARKEY, Chief Judge.
 
 
 1
 John Deks (Deks) appeals from refusal of the United States District Court for the Northern District of Ohio, C85-747A, to grant its motion for judgment notwithstanding the verdict (JNOV) for Atlas Bolt and Screw Co. (Atlas) (that Deks' patent No. 4,333,660 is invalid, unenforceable, and not infringed), and from the denial of its motion for new trial. Atlas cross-appeals from a JNOV for Deks and Illinois Tool Works, Inc. (ITW) (on antitrust and unfair competition) and from a denial of attorney fees. We affirm.
 
 OPINION
 I. INVALIDITY--DENIAL OF JNOV
 
 2
 The findings implied from the jury's general verdict for Atlas have not been shown to have been unsupported by substantial evidence. It must be presumed that the jury considered and rejected the evidence cited to us by Deks, including that of commercial success. The district court's denial of JNOV, based on its determination that the evidence was sufficient to establish facts supporting a legal conclusion of invalidity, was proper.
 
 
 3
 In view of our affirmance of the denial of JNOV in light of the invalidity conclusion, we need not reach infringement. See Western Marine Elecs., Inc. v. Furuno Elec. Co., 764 F.2d 840, 841, 226 USPQ 334, 335 (Fed.Cir.1985).
 
 II. NEW TRIAL
 
 4
 Neither opposing counsel's opening and closing arguments nor submission to the jury of damages exhibits was so egregious as to have rendered the trial unfair. The district court did not abuse its discretion in denying a new trial. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).
 
 III. ANTITRUST--GRANT OF JNOV
 
 5
 Considering all the evidence, including that on relevant market and interchangeable products, we agree with the district court that reasonable jurors could not conclude that monopoly power had been proven.
 
 IV. UNFAIR COMPETITION--GRANT OF JNOV
 
 6
 Deks' and ITW's motion for JNOV was based, as required by Rule 50(b), Fed.R.Civ.P., on grounds sufficiently specified in their directed verdict motion. Assuming Atlas' failure to object did not constitute waiver, Atlas points to a snippet of the record and ignores the arguments on the antitrust JNOV motion which immediately preceded and were intertwined with the unfair competition motion, including the absence of evidence on injury. Those assertions, together with counsel's assertion of the absolute absence of proof of unfair competition, met the purpose of Rule 50, i.e., to alert opposing counsel who may then rectify any deficiency in the evidence. 5A J. Moore, J. Lucas, Moore's Federal Practice p 50.08 (2d ed. 1989). That the district court's opinion mentioned the absence of proof of damages and insufficient participation of ITW in the patent's prosecution does not lead us to conclude, upon considering the entirety of the record, that the unfair competition JNOV motion was granted on grounds to which counsel for Atlas was not alerted by the directed verdict motion.
 
 
 7
 Atlas' attack here on the sufficiency of the evidence must fail. We agree with the district court that reasonable jurors could not on all the evidence conclude that Atlas had proven either Deks or ITW guilty of unfair competition.
 
 V. ATTORNEY FEES
 
 8
 The court properly considered the jury's exceptional case determination and the factual predicates to that finding. In exercising its discretion to award or deny fees it properly took into account the closeness of the case and the parties' and counsels' conduct. There was no abuse of discretion in denying attorney fees.